Per Johnston, Ch.
I deem it worth while in this case to express my opinion, separately; although I come to the same result with the Chancellor, and, therefore, concur in affirming his decree.
I do not think the facts stated in the decree are any evidence of fraud on the part of the defendant; and, therefore, *158 am of opinion the bill was properly dismissed, independently 0f statute of limitations.
3 Pr Wms 143, 144; vide 2 Scho. & Lef. 635; 1 Ball & Beatty, 166, 167.

1 Hill Ch.251.

ViaeGresley’s -q.Ev. 288-9.
On the subject of the statute, if the case were necessarily í0 ]-,e pUt on that, I should have more difficulty.
The bill avers that the facts constituting the alleged fraud, came to the plaintiff’s knowledge within four years before the filing of the bill. Such an allegation is substantially an averment that the plaintiff was ignorant of them until that time; and I am of opinion that such an averment throws the burden upon the defendant of proving that the plaintiff was acquainted with the facts for four years or upwards before the bill was filed; otherwise, he is not. entitled to the benefit of his plea of the statute.
I avail myself of this occasion to throw out this opinion, with some of the reasons upon which it is founded, because I believe there is some misapprehension among some portion of the profession, upon the subject.
The general doctrine is, that the statute will not be applied, equity, as a bar to relief against fraud until the facts constituting the fraud are discovered. Cases upon this subject question, whether the plaintiff, in avering his ignorance of the fraud of which he complains, is to be regarded as offering a reason why the statute should not run against him, or whether his negative averment is not rather to be regarded as the statement of a case which is prima facie true ; and thereby furnishing the defendant a fair opportunity to deny the fact, and entitle him to the benefit of the statute, by proving notice or knowledge on' the part of the plaintiff.
If the plaintiff is obliged to prove his ignorance prior to the time when he admits in his bill that he received information, this is a negative which, in its nature, does not admit of proof; and it follows, that the bar of the statute must be applied by this Court from the date of the fraudulent transaction — contrary to its own maxim, that the statute, in cases of fraud, runs only from the discovery.
“Ignorance,” says Johnson, J. in the case of Hopkins v. Mazyck, “cannot be proved. Who can enter into the heart of man, and ascertain what knowledge dwells there.”
It comes to this, then; that if the burden of proof lies on the plaintiff — if he can relieve himself from the currency of the statute only by proving his ignorance, the protection afforded him by the maxim of this Court is a mockery; and the Court might as we'll permit the statute to run from the perpetration of the fraud.
It is a general rule that negatives need not be proved; an¿ the cases in which exceptions are allowed, will be found to be cases in which the nature of the matters involved ad-
2 B & B 303, cited Gresley’s Eq. Ev.289.
See Beame's Pleas in Eq. 29, 168, 209, and Willis’s Pleading, 248, note; Law Lib. vol. 35. 1 Br. P. C. 455. 4 Dess R. 479’
Bail. Eq. 459.
3 Pr. Wms. 144.
Bail. Eq. 420.
mits the possibility of proof, But ignorance) in its very nature, admits of no evidence.
The analogy is strictly to cases where a party pleads avers a want of notice; of which Eyre v. Dolphin may serve as an example. The answer stated a purchase for valuable consideration, without notice, and, upon going evidence, the plaintiff had to prove the notice. '
Undoubtedly it is the English practice, that if plaintiff charges fraud, and that it was not discovered till within the statutory period, the statute is not a good plea, unless the defendant denies the fraud, or avers that the fraud, if any, was discovered beyond the time limited by the statute. Now, if the defendant contents himself with denying the fraud, and it is found against him, the plaintiff must be relieved. If, however, the defendant would avail himself of the statute, he must aver that the fraud was discovered more than six years (with us 4 years) before bill filed.
1. He must swear to the discovery.
2. As he avers an affirmative proposition, I think he must prove it.
The English practice requires him to plead it, averring the discovery in the plea, and supporting the plea by answer.
The averment must be made and proved, in order to bring defendant’s case within the statute: — so I infer.
It is true that, in Booth v. Warrington, and in Wambursee v. Kennedy, some proof was attempted of the time of discovery ; but, as might be expected, it amounted to nothing, as such proof always will; and in the latter case, the Chancellor says — “they state in the bill, that they were not informed until within one year of filing their bill; and there is no proof, on the other side, to induce a belief that they had any earlier knowledge.”
Says Chancellor Harper, in White v. Paussin, “ the rule is notorious, that time will not run to protect a fraud, until the fraud has been discovered(which, by the way, is very much the way in which the doctrine is laid down in So. Sea Co. v. Wymondel. “ It is true,” continues Chancellor Harper, “ that the party seeking relief in such a case, must allege that the fraud was discovered within the statutory period before the filing of the bill. The allegation is not strictly susceptible of proof; but it is material to put the defendant upon proof of discovery.” To the same effect, see his observations in Thayer v. Davidson.
These observations I have thought proper to make, with a view to future cases, as well as because unless I was satisfied, here, that'there was proof of knowledge in the plaintiff prior to the time stated in his bill, I could not concur in the application of the statute.
But it appears that the plaintiff was at the sale, and had *160 opportunities to know all the facts upon which he now relies. I, therefore, think the bill was well dismissed on the ground of the statute as well as on the merits.

Decree affirmed.